IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAEVIER KELLOGG,

Petitioner,

vs.

SCOTT FRAKES, Director of Nebraska Department of Correctional Services; and MICHELE WILHELM, Warden of the Nebraska State Penitentiary;

Respondents.

**4:22CV3202**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Daevier Kellogg's Amended Petition for Writ of Habeas Corpus, Filing No. 9, brought pursuant to 28 U.S.C. § 2254 and filed on November 23, 2022. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

Petitioner alleges he was sentenced to 22 to 28 years' imprisonment on March 10, 2022, pursuant to a no contest plea in the District Court of Douglas County, Nebraska. Filing No. 9 at 1. Petitioner alleges he filed a direct appeal of his conviction and sentence in the Nebraska Court of Appeals which is "still pending ruling." *Id*. at 2–3, 6. Petitioner's state court records, available to this court online,[1] show that the Nebraska Court of Appeals affirmed Petitioner's judgment of conviction in a memorandum web opinion entered on December 20, 2022, and the Nebraska Supreme

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Kellogg*, No. CR21-2925, District Court of Douglas County, Nebraska, and the Nebraska Court of Appeals appellate case records in A-22-240. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Court denied his petition for further review on March 7, 2023. *State v. Kellogg*, No. A-22-240, 2022 WL 17814064 (Neb. Ct. App. Dec. 20, 2022), *review denied* (Mar. 7, 2023). Petitioner indicates that he has filed at least two state habeas petitions in both the Douglas County and Lancaster County District Courts, Filing No. 9 at 3–4, and it appears he may have filed a habeas proceeding directly in the Nebraska Court of Appeals, *Id*. at 4. Petitioner alleges he has not filed a motion for postconviction relief, and his state court records confirm as much. *Id*. at 6–7, 9–10.

In his habeas petition filed in this Court, Petitioner alleges he was not properly arraigned, he did not receive proper notice of the information, which was not properly filed, his trial counsel was ineffective, and his sentence constitutes cruel and unusual punishment. Liberally construed, Petitioner also raises claims of ineffective assistance of appellate counsel for failing to raise Petitioner's claims regarding the defects in his arraignment and the information on direct appeal. Filing No. 9 at 6, 9, 12.

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust his available state court remedies *before* filing his habeas case in this forum. Petitioner's direct appeal was still pending when he filed his federal habeas petition, and even though Petitioner's direct appeal has now

concluded, Petitioner acknowledges there are claims in his petition that have not been presented in state court through one complete round of appellate review due to the failure of his appellate counsel to raise those claims on appeal. *See* Filing No. 9 at 12. Petitioner has not filed a motion for postconviction relief in the state district court, *see* Neb. Rev. Stat. 29-3001, which is a remedy available to him in order to litigate his ineffective assistance of appellate counsel claims. *See State v. Stelly*, 955 N.W.2d 729, 741 (Neb. 2021) ("A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review.") Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this Court for failure to exhaust. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner at least implicitly acknowledges that he had not exhausted his available state remedies when he filed his petition since he alleged his direct appeal was still pending and that his appellate counsel had failed to raise certain claims on direct appeal. Liberally construed, Petitioner's allegations may suggest his habeas petition is a "mixed" petition. "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019). When faced with a mixed petition, district courts have four options available: dismiss the petition without prejudice, stay the petition pending the outcome of state proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277–78.

Assuming that the habeas petition is a "mixed petition," the Court concludes a stay pursuant to *Rhines* would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's conviction is not yet final for purposes of the one-year federal habeas statute of limitations as the 90-day period for Petitioner to seek direct review in the United States Supreme Court does not expire until June 5, 2023. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Thus, the one-year federal habeas statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) has not begun to run, and, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In other words, if Petitioner files a timely state postconviction motion,[2] the one-year statute of limitations for filing a federal habeas petition will be tolled while his state postconviction proceedings are pending. Thus, dismissing this federal petition for

---

[2] In Nebraska, a one-year period of limitation applies to the filing of a postconviction motion which runs from the later of five specified dates including "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." Neb. Rev. Stat. § 29-3001(4)(a). "[F]or purposes of § 29-3001(4)(a), the conclusion of a direct appeal occurs when a Nebraska appellate court issues the mandate in the direct appeal." *State v. Koch*, 933 N.W.2d 585, 589 (Neb. 2019). Petitioner's state court records indicate the Nebraska Court of Appeals issued the mandate in Petitioner's direct appeal on March 22, 2023.

habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedy, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 9, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 24th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge